**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| Joseph Newman, Ishmeal Newman, Abigail Newman, Bethel Newman, individually and as the Heirs and Next of Kin of Elijah Newman, | **Cause No. 4:24-cv-00575** |
| Plaintiffs, | |
| v. | |
| Uber Technologies, Inc. a Delaware corporation, and Rasier, LLC. Defendants. | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE ORIGINAL COMPLAINT**

Plaintiffs Joseph Newman, Ishmael Newman, Abigail Newman, Bethel Newman by and through counsel, om support of their Motion for Leave to Amend states:

**I.      Introduction**

1.  In support thereof, Plaintiffs file their accompanying Memorandum, First Amended Complaint, and attaches as Exhibit 1 the amended pleading with all changes tracked for comparison with the original pleading.

2.  On November 13, 2024, this Court dismissed the Plaintiffs claims without prejudice. Rec. Docs. 44, 45.

3.  On December 13, 2024, Plaintiffs filed an Amended Complaint, providing additional factual allegations and emphasized the recognized negligence causes of action under *Gunnett v. Girardier Building and Realty Co*., 70 S.W.3d 632 (Mo.App.E.D.2002); *Strickland v. Taco Bell*

1

*Corp.,* 849 S.W.2d 127 (Mo.App. E.D.1993); and *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc./Special Products, Inc.,* 700 S.W.2d 426 (Mo. banc 1985).

4.   On December 18, 2024, this Court struck the Amended Complaint because leave had not been previously requested under Fed. R. Civ. P. 15(a)(2).

5.   Included with this filing as Exhibit A is a redlined version of Plaintiffs' Amended Complaint. Exhibit B to this filing is a clean version, with all changes excepted, of Plaintiffs Amended Complaint.

## II.    Argument

6.   Rule 15 governs motions for leave to amend pleadings and generally supports the liberal granting of such motions when "justice so requires." Fed. R. Civ. P. 15(a). Leave to amend is to be freely granted under Rule 15(a) and the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971).

7.   A district court may deny leave to amend if, "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 715 (8th Cir. 2008) quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir. 2005).

8.   "An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018). (quoting *Silva v. Metropolitan Life Ins. Co.,* 762 F.3d 711, 719 (8th Cir. 2014)). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Pre-Filled Propane Tank Antitrust Litig.,* 860

F.3d 1059, 1063 (8th Cir. 2017) (en banc). In other words, "[a]lthough ordinarily the decision of whether to allow a plaintiff to amend the complaint is within the trial court's discretion, when a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion...." *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007) (citing Fed. R. Civ. P. 12).

9.  The law in this circuit is that "after a court dismisses a complaint, a party's right to amend under Rule 15 terminates." *Geier v. Missouri Ethics Comm'n,* 715 F.3d 674, 677 (8th Cir.2013) (cited case omitted).

10. However, a party may still file a motion for leave to amend its complaint, even though it has lost its right to amend. *Id.* "Different considerations" apply to motions filed after dismissal, including "interests of finality," but courts "may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits[.]" *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823–24 (8th Cir.2009).

11. It is well established that granting a post-dismissal "motion for leave to amend is inappropriate...if the district court has indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." *Geier,* 715 F.3d at 677 (internal quotation marks and quoted case omitted). Dismissing a complaint constitutes dismissal of the action when a court "states or clearly indicates that no amendment is possible-e.g., when the complaint is dismissed with prejudice [.]" *Id.* (quoted case omitted).

12. Here, there are no compelling reasons to deny Plaintiffs' Motion for Leave to Amend the Complaint. The Plaintiffs have not caused undue delay, are not seeking leave to amend due to bad faith or a dilatory motive, have not had repeated failures to cure deficiencies, and an amendment does not unduly prejudice the Defendants.

13. Concerning futility, the Plaintiffs' Amended Complaint allege sufficient factual matters, that if accepted as true, state a claim to relief that is plausible on its face. Therefore, this Court should not deny Plaintiffs' Motion for Leave to Amend, as the Plaintiffs have supplied sufficient facts to prevent a legal conclusion that the amended complaint cannot survive a Rule 12 motion.

14. Finally, as noted above, in *Geier* and *Hypoguard USA* state that Rule 15(a)(2) is not to be ignored and additional considerations apply to Motions for Leave to Amend filed after a dismissal, such as the "interest of finality."

15. This Court has not indicated that amending the Original Complaint is impossible. Additionally, this Court did not dismiss the Plaintiffs' claims with prejudice, but without prejudice. By dismissing the matter without prejudice, the Court informed the Parties that it did not desire to dismiss these claims with finality.

III.    **Prayer**

16. The Plaintiffs pray that this Court apply the tenants Rule 15(a) and freely grant Plaintiffs' of Leave to amend the Original Complaint.

17. The Plaintiffs also request the ability to file a reply to Defendants' Response to this Motion.

Dated: December 23, 2024

Respectfully Submitted,

*/s/ Bret Stanley*
Bret Stanley
**The Stanley Law Firm, PLLC**
2925 Richmond Avenue
Houston, TX 77098
Tel.: 512-695-6146
Bstanley@stanleypllc.com

 Christopher Brett Vaughn (Mo. Bar No. 66974)
**Nigh Goldenberg Raso & Vaughn PLLC**
12022 Blue Valley Pkwy, Suite #1020
Overland Park, KS 66213
Tel.: (913) 800-8518
Fax: (202) 792-7927
Bvaughn@nighgoldenberg.com

Marlene J. Goldenberg (*Pro Hac Vice forthcoming*)

**Nigh Goldenberg Raso & Vaughn PLLC**
14 Ridge Square NW, Third Floor
Washington, DC 20016
Tel.: (202) 978-2228
Fax: (202) 792-7927
Mgoldenberg@nighgoldenberg.com

Samantha V. Hoefs (*Pro Hac Vice forthcoming*)
**Nigh Goldenberg Raso & Vaughn PLLC**
14 Ridge Square NW, Third Floor
Washington, DC 20016
Tel.: (612) 445-0202
Fax: (202) 792-7927
shoefs@nighgoldenberg.com

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23th day of December 2024, the foregoing was filed electronically to be served on all counsel of record by the Clerk of the Court through the Court's electronic filing system.

*/s/ Bret Stanley*